Dear Senator Heitmeier:
This office is in receipt of your letter dated January 21, 2010, requesting an opinion as to the legality of licensed business establishments hosting poker tournaments organized by third parties. For purposes of this opinion, it is assumed that "licensed business establishments" are those establishments licensed and regulated by the Louisiana Office of Alcohol and Tobacco Control ("LATC") pursuant to La.R.S. 26:1 et seq.
La.R.S.14:90 (A) provides:
A. (1)(a) Gambling is the intentional conducting, or directly assisting in the conducting, as a business, of any game, contest, lottery, or contrivance whereby a person risks the loss of anything of value in order to realize a profit.
(b) Whoever commits the crime of gambling shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
(2) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than twenty thousand dollars, or imprisoned with or without hard labor, for not more than five years, or both when:
(a) R.S.14:90 is violated.
(b) Five or more persons are involved who conduct, finance, manage, supervise, direct, or own all or part of an illegal gambling business. *Page 2 
(c) Such business has been in or remains in substantially continuous operation for a period of thirty days or more or, if the continuous operation is for less than thirty days, has a gross revenue of two thousand dollars in any single day.
This section prohibits gambling as a business but does not prohibit gambling between individuals. Gandolfo v. Louisiana State RacingCommission, 78 So 2d 504 (La. 1955); State v. Davis,23 So.2d 801 (La. 1945). Therefore, an essential element of a gambling violation is that the activity be conducted as a business and that someone receive a benefit other than the participants. La. Atty. Gen. Op. 94-178. The game of poker, as it is commonly understood, is a card game played by two or more players whereby the players bet against one another on the value of their hands. As such, it is the type of game prohibited by La.R.S.14:90 when conducted as a business. La. Atty. Gen. Op. No. 85-887.
The reporter's comments to La.R.S. 14:90 states, in part:
The phrase "as a business" includes cases where gambling may take place only from time to time and yet be profitable to the operator although not his main line of business.
This office has previously opined a few factors which may be considered as operation as a business including the establishment taking a percentage of the "pot", charging fees for the use of the establishment or gambling paraphernalia, tipping dealers, or charging premiums for food and beverage sold by the establishment. See La. Atty. Gen. Op. No 94-178. A determination as to whether an activity is prohibited must be made on a case by case basis.
It should also be noted that La.R.S. 14:90 prohibits one from "directly assisting" in the conducting of gambling as a business. In the question you present, if the facts indicate that the third party organizers are conducting gambling in violation of La.R.S. 14:90, then the operator of the licensed establishment could be guilty of directly assisting in conducting gambling by providing a location for the prohibited activity.
Louisiana law also provides the civil remedy of abatement for establishments which are declared to be gambling houses. Specifically, La.R.S. 13:4721 provides:
For the purposes of this Sub-part, or for the purposes of any action or prosecution hereunder, a gambling house is (1) any place whatever where any game of chance of any kind or character is played for money, for wagers, or for tokens, and where the conduct of such place operates, directly or indirectly, to the profit of one or more individuals and not exclusively to the direct profit of the actual participants in such game; and (2) any place whatsoever where *Page 3 
races, athletic contests and sports and games are not actually held and where opportunity is afforded for wagering upon races, athletic contests, sports and games of chance.
All gambling houses as herein defined are declared to be public nuisances, and the owner thereof, and the agent for such owner, or the lessee, sublessee or other occupants thereof are declared to be guilty of maintaining a public nuisance.
In Parish of St. Landry v. Turf Lounge, LTD,331 So 2d 32 (La. 3rd Cir. 1976) the Court upheld the trial court's determination that the premises, a lounge, was operating a gambling house, and therefore, a public nuisance under La.R.S. 13:4721.
Finally, all establishments licensed by the LATC must abide by the rules and regulations promulgated by that agency. Of specific note is LAC 55:VII.305(C) which allows contests and game promotions at retail establishments in accordance with certain restrictions, including the following:
4. No manufacturer, wholesaler, or retailer may encourage or otherwise entice any patron to participate in poker, blackjack, craps, or any other gambling game conducted on the licensed premises. Encouragement and enticement includes, but is not limited to, advertising in any form, including broadcast, print, indoor or outdoor signage, and word-of-mouth advertising. Advertising in any form will constitute prima facie evidence of a violation of this Subsection. Each patron responding to any such encouragement or enticement will constitute a separate violation of this Subsection.
5. No manufacturer, wholesaler, or retailer may allow any patron or other third party to conduct, manage, direct, or otherwise organize games, tournaments, or leagues involving multiple tables on their licensed premises. Each patron or other third party conducting, managing, directing, or otherwise organizing such games will constitute a separate violation of this Subsection. Each patron participating in games, tournaments, or leagues played on multiple tables will constitute a separate violation of this Subsection.
The hosting of poker tournaments at licensed establishments may be a violation of these rules. The Louisiana Office of Alcohol and Tobacco Control should be consulted for their interpretation of these rules and the potential violations. *Page 4 
In conclusion, it is the opinion of this office that La.R.S.14.90 prohibits gambling at licensed establishments where someone other than the participants is receiving a benefit and that such a determination must be made on a case by case basis on its own facts.
Sincerely, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL By: __________________________ LEONCE G. GAUTREAUX Deputy Director, Gaming Division JDC/LGG/sng